UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | 5:20-cv-00951-VAP (SK) | Date | May 15, 2020 |
| Title | Timothy Buford v. T. Winehymmer et al. | | |

| | |
|---|---|
| Present: The Honorable | Steve Kim, U.S. Magistrate Judge |

| Connie Chung | n/a |
|---|---|
| Deputy Clerk | Court Smart / Recorder |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
|---|---|
| None present | None present |

**Proceedings:** (IN CHAMBERS) **ORDER TO SHOW CAUSE**

Plaintiff is a California state prisoner seeking to proceed in forma pauperis with a complaint under 42 U.S.C. § 1983 against several San Bernardino Deputy Sheriffs, the County of San Bernardino, the State of California, and the owner of a private towing company. (ECF 1, 2). He asserts various constitutional and state law claims arising from his arrest and five-day stint in jail in April 2016. (ECF 1 at 6-16). But Plaintiff is ineligible for in forma pauperis ("IFP") status because he has acquired more than three strikes under the Prison Litigation Reform Act of 1996. *See* 28 U.S.C. § 1915(g); *Andrews v. King*, 398 F.3d 1113, 1116 n.1 (9th Cir. 2005) (§ 1915(g) is "commonly known as the 'three strikes' provision"). Section 1915(g) bars a prisoner from proceeding IFP, "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." While Defendants typically carry the initial burden to show that a prisoner may not proceed IFP, "[i]n some instances, the district court docket records may be sufficient to show that" a prisoner has more than three strikes under § 1915(g).[1] *Andrews*, 398 F.3d at 1120.

That is the case here. At least five of Plaintiff's prior civil actions—commenced while he was in prison—have been dismissed for failure to state a claim on which relief may be granted. *See Buford v. Lewis, et al.*, N.D. Cal. Case No. 3:00-cv-02631; *Buford v. Gray, et al.*, E.D. Cal. Case No. 1:00-cv-06206; *Buford v. Rivera, et al.*, E.D. Cal. Case No. 1:01-cv-05007; *Buford v. Hicks, et al.*, E.D. Cal. Case No. 1:02-cv-05265; *Buford v. Bozwell*, E.D. Cal. Case No. 1:02-cv-05997. He has also been denied leave to proceed IFP under § 1915(g) in several later cases. *See Buford v. Pharmacy Manager, et al.*, E.D. Cal. Case No. 1:04-cv-05543; *Buford v. Grant, et al.*, E.D. Cal. Case No. 1:04-cv-05555; *Buford v. Amtrak Train Station, et al.*, E.D. Cal. Case No. 1:04-cv-05564; *Buford v. City of Fresno, et al.*, E.D. Cal. Case. No. 1:04-cv-05565. So because the current complaint contains no allegations to suggest that Plaintiff faced imminent

---

[1] The Court may take judicial notice of proceedings in other courts "if those proceedings have a direct relation to matters at issue." *Bias v. Moynihan*, 508 F.3d 1212, 1225 (9th Cir. 2007) (cleaned up).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:20-cv-00951-VAP (SK) | Date | May 15, 2020 |
|---|---|---|---|
| Title | Timothy Buford v. T. Winehymmer et al. | | |

danger of serious physical injury at the time of filing, Plaintiff may not proceed IFP here.  *See Eckard v. Cornell*, 2019 WL 7882455, at *1 (W.D. Wash. Dec. 4, 2019) (three-strikes rule applies to lawsuits challenging events preceding incarceration as long as the prisoner is currently incarcerated and has received three prior strikes), *adopted by*, 2020 WL 618540 (W.D. Wash. Feb. 10, 2020).

Even if Plaintiff were to pay the full filing fee, though, relief is unavailable if Plaintiff's claims are untimely.  *See* 28 U.S.C. § 1915A(b)(1); Fed. R. Civ. P. 12(b)(6).  The events Plaintiff complains of occurred in April, May, and June 2016.  (ECF 1 at 6-16).  So Plaintiff had to bring any claims alleging constitutional violations based on those events within two years.  *See Mills v. City of Covina*, 921 F.3d 1161, 1166 (9th Cir. 2019).  But Plaintiff did not file this action until May 2020, nearly four years after the events alleged in the complaint.  As a result, Plaintiff's claims are time-barred unless he can allege a legitimate basis for equitable tolling.  *See Canatella v. Van De Kamp,* 486 F.3d 1128, 1132 (9th Cir. 2007) (forum state's tolling laws apply to § 1983 actions); *Fink v. Shedler*, 192 F.3d 911, 916-17 (9th Cir.1999) (explaining three-pronged test for equitable tolling in California).

For these reasons, Plaintiff is **ORDERED TO SHOW CAUSE** on or before **June 15, 2020**, why his in forma pauperis application should not be denied and his complaint dismissed.  If Plaintiff wishes to proceed with this action, he must first pay the $350 filing fee required to commence a civil action.  *See* 28 U.S.C. § 1914(a).  Even then, Plaintiff must also file a response to this order explaining why the Court is wrong about the statute of limitations.  If Plaintiff cannot cure the deficiencies outlined in this order, Plaintiff may alternatively file a notice of voluntary dismissal using the attached form CV-09.

**In any case, failure to file a voluntary dismissal or a timely response to this order may result in involuntary dismissal of this action for failure to prosecute.** *See* Fed. R. Civ. P. 41(b); L.R. 41-1.

**IT IS SO ORDERED.**